

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00058-CV

---

ETHAN ALLEN-SCOTT MITCHELL, APPELLANT

V.

HAYLEY ELLEN MITCHELL, APPELLEE

---

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 24-11035-481, Honorable Crystal Levonius, Presiding

---

February 23, 2026

## REMAND ORDER

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Pending before the Court is Ethan Allen-Scott Mitchell's *Motion to Review Trial Court's Denial of Supersedeas and Emergency Motion to Stay Enforcement Pending Appeal.*  Through it, he challenges the trial court's denial of his request to set a supersedeas bond pursuant to Rule 24 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 24.

Unless the law or the Texas Rules of Appellate Procedure provide otherwise, a judgment debtor is entitled to supersede a judgment and defer its enforcement while pursuing an appeal. *See* TEX. R. APP. P. 24.1; *see also Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed prior to the issuance of the judgment from which an appeal is taken. *See, e.g., Tex. HHS Comm'n v. Sacred Oak Med. Ctr., LLC*, No. 03-21-00136-CV, 2021 Tex. App. LEXIS 4736, at *14–15 (Tex. App.—Austin June 9, 2021, order); *see also Smith v. Texas Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

In this case, the trial court denied Ethan's request to set a bond. The record before the Court includes an unsigned order that bears the notation, "[t]his order will not be signed. Stay is denied." The court did not set forth its reasons for the denial and the appellate record does not indicate that a hearing was held. Under Rule 24.4(d), this Court may "remand to the trial court for entry of findings of fact or for the taking of evidence." Accordingly, this Court remands this matter to the trial court to take evidence and make findings of fact concerning the supersedeas bond. The Court also directs the trial court to file with the Clerk of this Court any other orders relevant to the bond.

The trial court is directed to file a supplemental clerk's record containing its findings of fact or other evidence taken, any other orders relevant to the supersedeas bond, and any other records pertaining to this issue with the Clerk of this Court on or before March 25, 2026.

Per Curiam.